## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES HUGHES, JR.,** **JASON WOOLLERY,** **OPANIN ONWONA,** **AMPADU OSEI,** **KERETH PARROO**, and **WILLIAM BUTLER,** | COMPLAINT JURY TRIAL DEMAND Civil Action No.: |

Plaintiffs,

v.

**JNET COMMUNICATIONS LLC**
and
**VITEL COMMUNICATIONS LLC,**

Defendants.

Plaintiffs, James Hughes, Jr., Jason Woollery, Opanin Onwona, Ampadu Osei, Kereth Parroo, and William Butler, by way of complaint, say:

### JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 because this action is being brought under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA).

2.     The venue of this Court is proper pursuant to 28 U.S.C. § 1391 because Defendants reside in this district, and because a substantial part of the events giving rise to these claims occurred in this district.

### PARTIES

3.     Plaintiff James Hughes, Jr. is an individual citizen of the State of New Jersey residing at 1467 Edgewood Avenue Trenton, New Jersey 08618.  At all relevant times, Plaintiff James

Hughes, Jr. was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

4. Plaintiff Jason Woollery is an individual citizen of the State of New Jersey residing at 831 Edgewood Road Trenton, New Jersey 08618. At all relevant times, Plaintiff Jason Woollery was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

5. Plaintiff Opanin Onwona is an individual citizen of the State of New Jersey residing at 107 Pheasant Hollow Plainsboro, New Jersey 08506. At all relevant times, Plaintiff Opanin Onwona was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

6. Plaintiff Ampadu Osei is an individual citizen of the State of New Jersey residing at 1020 Woodland Road, Apt. 48, Edgewater Park, New Jersey 08010. At all relevant times, Plaintiff Ampadu Osei was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

7. Plaintiff Kereth Parroo is an individual citizen of the State of New Jersey residing at 110 King Avenue Ewing, New Jersey 08638. At all relevant times, Plaintiff Kereth Parroo was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

8. Plaintiff William Butler is an individual citizen of the State of New Jersey residing at 870 Route 130 North, Apt. D2, Burlington, New Jersey 08016. At all relevant times, Plaintiff William Butler was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

9. Defendant, JNET Communications LLC, is a business operating at all relevant times in the State of New Jersey with its principal place of business in Warren, New Jersey. Upon information and belief, Defendant JNET Communications LLC is the parent company of

Defendant Vitel Communications LLC.  Upon information and belief, Defendant JNET Communications LLC's executives and principals are involved in the development and implementation of Defendant Vitel Communications LLC's human resource policies and procedures, including but not limited to payroll policies and procedures.  Defendant JNET Communications LLC is an "employer" within the meaning of the FLSA, 20 U.S.C. § 203(d).

10.   Defendant Vitel Communications LLC is a business operating at all relevant times in the State of New Jersey.  Defendant Vitel Communications LLC is a wholly owned subsidiary of Defendant JNET Communications LLC.  Defendant Vitel Communications LLC is an "employer" within the meaning of the FLSA, 20 U.S.C. § 203(d).

11.   At all relevant times, Defendants employed Plaintiffs in this judicial district.

## FACTS

12.   At all relevant times, Plaintiffs worked and performed the duties of technicians for Defendants, including, but not limited to installing and servicing cable and broadband services.

13.   Plaintiffs routinely worked in excess of forty (40) hours per week without receiving overtime compensation for their overtime hours worked.

14.   Defendants paid Plaintiffs on a piece rate basis.

15.   Plaintiffs only received an amount of pay for each type of service performed without consideration given to the amount of time to complete the service.

16.   Plaintiffs regularly worked in excess of forty (40) hours per week to complete the services and other job duties.

17.  However, Plaintiffs did not receive proper overtime pay from Defendants as they should have received additional overtime compensation on top of their piece rate earnings.

18.  Pursuant to 29 U.S.C. § 778.111(a), the regular rate of pay for Plaintiffs should have been calculated by adding together their total earnings for the workweek from piece rates and all other sources and then dividing the sum by the number of hours worked in the week for which such compensation was paid.  For the hours of overtime worked, Plaintiffs were entitled to be paid, in addition to their weekly earnings at their regular rate for all hours worked, a sum equivalent to one-half their regular rate of pay multiplied by the number of hours worked in excess of forty in the week.

19.  Defendants' compensation plan is a scheme designed to conceal the fact that Defendants are actually paying Plaintiffs only what they earned in piece rates.  Such a scheme does not comply with the FLSA.

20.  Plaintiffs complained to Defendant Vitel Communications LLC about not being paid properly for overtime.

21.  Upon information and belief, other employees also complained about Vitel Communications LCC's overtime payment practices.

22.  Upon information and belief, Defendant Vitel Communications LLC has been previously investigated by the state and/or federal departments of labor for its wage and hour practices.

**COUNT I (VIOLATION OF THE FLSA)**

23.  Plaintiffs incorporate paragraphs 1-22 as if fully rewritten herein.

24.  Under the FLSA, 29 U.S.C. § 207, requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half (1 ½) times

the regular rate of pay for work performed in excess of forty (40) hours per workweek.

25. Plaintiffs are not exempt from the FLSA's overtime provisions.

26. Under the FLSA's regulations, the term "regular rate" is defined to include all remuneration for employment whether derived from hourly rates, piece rates, production bonuses or other sources, and the overtime provisions of the FLSA cannot be avoided by setting an artificially low hourly rate upon which overtime pay is to be based and making up the additional compensation due to employees by other means. 29 C.F.R. § 778.500(a).

27. Under Defendants' compensation plan, Plaintiffs are being paid an artificially low regular rate because Defendants are not properly calculating Plaintiffs' regular rate of pay by taking into consideration all of Plaintiffs' earnings. *See* 29 C.F.R. § 778.500 *et seq.*

28. Defendants' compensation plan is a "subterfuge," intentionally designed to conceal the fact that Defendants actually compensate Plaintiffs on a piece rate basis, that there is no overtime compensation, no "discretionary bonus," and that their regular rate of pay is the quotient of piece rate earnings divided by hours worked. *See* 29 C.F.R. § 778.502 *et seq.*

29. Defendants permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.

30. Defendants knew, or showed reckless disregard, that Plaintiffs performed work that required overtime pay at one and one-half (1 ½) times their regular rate of pay.

31. These practices violate the provisions of the FLSA 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1). As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages. Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this

claim.

32.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

**WHEREFORE,** Plaintiffs, respectfully request all relief that is just and equitable, including, but not limited to judgment against Defendants for violation of the overtime provisions of the FLSA; judgment that Defendants' actions as described above were willful; damages to Plaintiffs for the amount of unpaid wages owed, and liquidated damages; an award of prejudgment interest to the extent liquidated damages are not awarded; reasonable counsel fees, costs, and interest; and for such other relief as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

Law Offices of
**KAMENSKY ◆ COHEN & RIECHELSON**

BY:    _____
MARK D. LADERMAN, ESQUIRE
194 South Broad Street
Trenton, New Jersey 08608
(609) 394-8585

Dated: September 29, 2011